Debtor   Wolfspeed, Inc.
         Name                                                  Case number *(if known)*

those

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter   11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Wolfspeed, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Cree, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **56-1572719** |

4. **Debtor's address**

   **Principal place of business**

   **4600 Silicon Drive**
   Number    Street

   **Durham**        **NC**    **27703**
   City             State    Zip Code

   **Durham**
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   City    State    Zip Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____
   City    State    Zip Code

5. **Debtor's website** (URL)   https://www.wolfspeed.com/

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3332 (Industrial Machinery Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check **all** that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☒ A plan is being filed with this petition.

   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____   When _____ (MM/DD/YYYY)   Case number _____
         District _____   When _____ (MM/DD/YYYY)   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor **Wolfspeed Texas LLC**   Relationship **Affiliate**
        District **Southern District of Texas**   When: **06/30/2025** (MM / DD / YYYY)
        Case number, if known _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 2

Debtor   Wolfspeed, Inc.                                   Case number *(if known)*
         Name

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number  Street<br>_____<br>City        State   Zip Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>        Contact name _____<br>        Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors***<br>*Consolidated for all Debtors. | ☐ 1-49     ☐ 1,000-5,000     ☐ 25,001-50,000<br>☐ 50-99     ☐ 5,001-10,000     ☐ 50,001-100,000<br>☐ 100-199     ☒ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |
| **15. Estimated assets***<br>*Consolidated for all Debtors. | ☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☒ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion |
| **16. Estimated liabilities***<br>*Consolidated for all Debtors. | ☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☒ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion |

| Debtor | Wolfspeed, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/30/2025**
                      MM/ DD / YYYY

✘  **/s/ Daniel Hugo**                                **Daniel Hugo**
   Signature of authorized representative of debtor        Printed name

   Title   **Deputy Chief Restructuring Officer**

**18. Signature of attorney**

✘  **/s/ Timothy A. ("Tad") Davidson II**      Date  **06/30/2025**
   Signature of attorney for debtor                              MM/DD/YYYY

**Timothy A. ("Tad") Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number          Street

| **Houston** | **TX** | **77002** |
|---|---|---|
| City | State | ZIP Code |

**713-220-4200**                                           **taddavidson@Hunton.com**
Contact phone                                                Email address

| **24012503** | **TX** |
|---|---|
| Bar number | State |

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Wolfspeed, Inc., | Case No. 25-_____(___) |
| Debtor. | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-40863</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>March 30, 2025</u>.

    a. Total assets                                                      $ <u>7,574.2 M</u>

    b. Total debts (including debts listed in 2.c., below)      $ <u>6,743.0 M</u>

    c. Debt securities held by more than 500 holders

                                                                                   Approximate number of holders:

secured☐ unsecured☐ subordinated ☐  $ <u>See Schedule 1</u>           _____
secured☐ unsecured☐ subordinated ☐  $ _____           _____
secured☐ unsecured☐ subordinated ☐  $ _____           _____
secured☐ unsecured☐ subordinated ☐  $ _____           _____
secured☐ unsecured☐ subordinated ☐  $ _____           _____

    d. Number of shares of preferred stock
    e. Number of shares common stock                                       <u>153,897,000</u>

    Comments, if any: _____

3. Brief description of debtor's business: <u>Wolfspeed, Inc. is a designer and manufacturer of wide bandgap semiconductors, focused on silicon carbide materials and devices for power applications.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

    a. BlackRock, Inc.

    b. The Vanguard Group, Inc.

    c. UBS Asset Management AG

# SCHEDULE 1

The following financial data is the latest available information and refers to the Debtor's financial condition on March 30, 2025:

| Type | Maturity | Principal Amount Outstanding ($M) | Secured/ Unsecured | Approximate Number of Holders (Estimated) |
|---|---|---|---|---|
| 9.875% Senior Notes | 06/23/2030 | 1,513.5 | Secured | 5 |
| 1.750% Convertible Senior Notes | 05/01/2026 | 575.0 | Unsecured | 17 |
| 0.250% Convertible Senior Note | 02/15/2028 | 750 | Unsecured | 24 |
| 1.875% Convertible Senior Notes | 12/01/2029 | 1,750 | Unsecured | 30 |
| 6.000% Customer Refundable Deposit | 07/05/2033 | 2,062 | Unsecured | 1 |

**RESOLUTIONS
OF THE BOARD OF DIRECTORS OF
WOLFSPEED, INC.**

**June 30, 2025**

The undersigned, constituting all of the directors of the board of directors (the "**Board**") of Wolfspeed, Inc., a North Carolina corporation (the "**Company**"), acting pursuant to Section 55-8-21 of the North Carolina Business Corporation Act and the bylaws of the Company, hereby consent to and adopt the following recitals and resolutions, effective as of the date first set forth above:

**Commencement of Chapter 11 Cases**

**WHEREAS**, the Board previously determined it was advisable and in the best interests of the Company and its stakeholders for the Finance Committee of the Board ("**Finance Committee**") to review, consider, and, if appropriate, recommend to the Board potential in-court or out-of-court strategic alternatives available to the Company, including (without limitation) seeking financing or refinancing or undertaking a restructuring, reorganization, recapitalization, business combination, sale of equity or assets or change of control of the Company, whether by sale, merger, consolidation, or otherwise (any such potential strategic alternative, a "**Potential Strategic Transaction**");

**WHEREAS**, in connection with the Finance Committee's review of Potential Strategic Transactions, the Finance Committee recommended to the Board for approval, and the Board approved a Restructuring Support Agreement among the Company, certain noteholders of the Company and Renesas Electronics America Inc. (the "**Restructuring Support Agreement**");

**WHEREAS**, the Finance Committee analyzed alternative Potential Strategic Transactions and, after consultation with management and the Company's financial and legal advisors, recommended to the Board that it approve the Potential Strategic Transaction as described in the Restructuring Support Agreement; and

**WHEREAS**, the Board has approved and determined in its good faith opinion that it is desirable and in the best interests of the Company and its stakeholders that the Company: (i) seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), (ii) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any of the officers of the Company ("**Authorized Officers**"), as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "**Plan**") and an associated disclosure statement (the "**Disclosure Statement**"); and (iii) launch a prepetition process soliciting votes from noteholders of the Company and Renesas Electronics America Inc. to accept or reject the Plan (the "**Prepackaged Plan Solicitation**").

**NOW THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, after consultation with management and the Company's financial and legal advisors, it is desirable and

in the best interests of the Company and its stakeholders, that the Company seek relief under the provisions of the Bankruptcy Code;

**RESOLVED FURTHER**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered on behalf and in the name of the Company, to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**", and together with the Chapter 11 case of certain of the Company's subsidiaries, the "**Chapter 11 Cases**") by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") in such form and at such time as the Authorized Officer executing said petition shall determine;

**RESOLVED FURTHER**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases;

**RESOLVED FURTHER**, that the Company, as a debtor and debtor in possession under the Bankruptcy Code, shall be, and hereby is, authorized to: (i) execute and deliver the Plan, the Disclosure Statement, the Prepackaged Plan Solicitation, and, in each case, any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (collectively, the "**Restructuring Transactions**"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan, Disclosure Statement, the Prepackaged Plan Solicitation, and the Restructuring Transactions;

**RESOLVED FURTHER**, that: (i) any Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to take such actions and execute, acknowledge, deliver and verify the Plan and the Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection with the Plan, the Disclosure Statement, the Prepackaged Plan Solicitation, the Restructuring Transactions, and any other related documents including any engagement letters, commitment letters, fee letters, credit documents or other documents in connections with the incurrence of indebtedness contemplated thereby and the Restructuring Transactions (collectively, the "**Restructuring Documents**"); (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, as a debtor and debtor in possession, to authorize counsel to draft, file, and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the

Plan; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof; and

**RESOLVED FURTHER**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

**Cash Collateral Utilization**

**WHEREAS**, the Board has determined that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for the Company's prepetition secured noteholders (collectively, the "**Secured Noteholders**") under the Company's secured notes indenture.

**NOW THEREFORE, BE IT RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with Section 363 of the Bankruptcy Code, the Company is hereby authorized to provide certain adequate protections to the Secured Noteholders (collectively, the "**Adequate Protection Obligations**"), as documented in a proposed interim Cash Collateral order (the "**Cash Collateral Order**") substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto, as an Authorized Officer shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court;

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under the Bankruptcy Code, hereby is authorized to negotiate and incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order (collectively, the "**Adequate Protection Transactions**"); and

**RESOLVED FURTHER**, that in connection with the Chapter 11 Cases, each Authorized Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, as debtor and debtor in possession, to seek approval of the use of Cash Collateral and the Adequate Protection Transactions pursuant to a postpetition order in interim and final form, and each Authorized Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to negotiate, execute, and deliver any and all agreements, instruments, or documents, necessary to implement the postpetition use of Cash Collateral and the Adequate Protection Transactions, as well as any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Secured Noteholders and each other agreement, instrument, or document to be executed and delivered in connection therewith, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as

such Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**Retention of Advisors**

**NOW THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy counsel for the Company, (ii) Hunton Andrews Kurth LLP to act as bankruptcy counsel for the Company, (iii) FTI Consulting, Inc. to act as financial advisor for the Company, (iv) KPMG LLP to act as tax consultant for the Company, (v) Perella Weinberg Partners LP to act as investment banker for the Company, and (vi) Epiq Corporate Restructuring LLC to act as claims, noticing, and solicitation agent for the Company, in each case, in connection with the Chapter 11 Cases (such parties in (i) through (vi), the "**Professionals**");

**RESOLVED FURTHER**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and

**RESOLVED FURTHER**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, empowered and directed, with full power of delegation, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

**"First Day" Declarant**

**WHEREAS**, the Finance Committee has considered and recommended to the Board that Daniel Hugo ("**Mr. Hugo**") serves as a declarant in connection with the Chapter 11 Cases.

**NOW THEREFORE, BE IT RESOLVED**, that in light of the recommendation from the Finance Committee and the familiarity and experience of Mr. Hugo with the Company, its day-to-day operations, business, and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and the Company's negotiations with its key stakeholders to date, the Board has determined it is appropriate and in the best interest of the Company to authorize Mr. Hugo to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "**First Day Relief**") to be filed in connection with commencement of the Chapter 11 Cases; and

**RESOLVED FURTHER**, that Mr. Hugo is hereby authorized and empowered, on behalf of and in the name of the Company, to provide testimony, including by declaration, on behalf of

the Company regarding the Company, its day-to-day operations, business, and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and to engage in negotiations with the Company's key stakeholders and to make the Company's determination regarding the need for First Day Relief.

**General Authority and Ratification of Consistent Actions**

**NOW THEREFORE, BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the transactions contemplated by the Plan or other Restructuring Documents), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**RESOLVED FURTHER**, that all actions taken and agreements and documents executed by the Authorized Officers, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

**RESOLVED FURTHER**, that each Authorized Officer shall be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of the Company or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Company under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board; and

**RESOLVED FURTHER**, that the Board hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of the Company and hereby authorizes the Company to approve the transactions, and hereby authorizes the Company to enter into and perform its obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby.

*Execution Version*

**IN WITNESS WHEREOF**, the undersigned directors have hereunto signed their names and adopted the above resolutions as of the date first written above and direct that a signed copy of these Resolutions be filed with the minutes of the proceedings of the Board.

These Resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute but one and the same Resolutions.

_____
Glenda M. Dorchak  26 Jun, 2025 12:18:40 PM EDT

_____
Robert A. Feurle

_____
John C. Hodge  26 Jun, 2025 12:20:30 PM EDT

_____
Darren R. Jackson  26 Jun, 2025 9:25:41 AM EDT

_____
Mark E. Jensen  26 Jun, 2025 1:51:33 PM EDT

_____
Duy-Loan T. Le  26 Jun, 2025 4:14:46 PM EDT

_____
Marvin A. Riley  26 Jun, 2025 12:02:52 PM EDT

_____
Stacy J. Smith  26 Jun, 2025 9:14:02 PM EDT

_____
Paul V. Walsh, Jr.  26 Jun, 2025 3:07:59 PM EDT

_____
Thomas H. Werner  26 Jun, 2025 12:51:01 PM EDT

*[Signature Page to Resolutions of the Board of Directors of Wolfspeed, Inc.]*

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Wolfspeed, Inc. and Wolfspeed Texas LLC | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the:   Southern District of Texas | |
| Case Number (If known): | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders           12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | RENESAS ELECTRONICS CORPORATION  FOR 6.000 SENIOR UNSECURED CUSTOMER REFUNDABLE DEPOSIT DUE 2033  TOYOSU FORESIA, 3-2-24 TOYOSU, KOTO-KU  TOKYO  JAPAN | CONTACT: SATOSHI NOGUCHI  PHONE: 03-6773-3000 / +81 367733000  SATOSHI.NOGUCHI.UW@RENESAS.COM | DEBT | | | | $2,068,000,000.00 |
| 2 | US BANK NA, AS TRUSTEE FOR 1.875 SENIOR UNSECURED CONVERTIBLE NOTES DUE 2029  214 N. TRYON STREET, 27TH FLOOR  CHARLOTTE, NC  28202 | CONTACT: RYAN RIGGLEMAN  PHONE: 704-995-4705  RYAN.RIGGLEMAN@USBANK.COM | DEBT | | | | $1,750,000,000.00 |
| 3 | US BANK NA , AS TRUSTEE FOR 0.250 SENIOR UNSECURED CONVERTIBLE NOTES DUE 2028  214 N. TRYON STREET, 27TH FLOOR  CHARLOTTE, NC  28202 | CONTACT: RYAN RIGGLEMAN  PHONE: 704-995-4705  RYAN.RIGGLEMAN@USBANK.COM | DEBT | | | | $750,000,000.00 |
| 4 | US BANK NA , AS TRUSTEE FOR 1.750 SENIOR UNSECURED CONVERTIBLE NOTES DUE 2026  214 N. TRYON STREET, 27TH FLOOR  CHARLOTTE, NC  28202 | CONTACT: RYAN RIGGLEMAN  PHONE: 704-995-4705  RYAN.RIGGLEMAN@USBANK.COM | DEBT | | | | $575,000,000.00 |
| 5 | MICROSOFT CORPORATION  ONE MICROSOFT WAY  REDMOND, WA  98052-6399 | CONTACT: SCOTT DOUGLASS  PHONE: 775-823-5600  SCOTT.DOUGLASS@MICROSOFT.COM | TRADE VENDOR | | | | $15,678,739.40 |

Debtor: Wolfspeed, Inc. and Wolfspeed Texas LLC

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | TRUSTEES OF PURDUE UNIVERSITY<br>5646 MILTON STREET, SUITE 430<br>DALLAS, TX  75206 | CONTACT: MICHAEL SHORE (THE SHORE FIRM, AS COUNSEL)<br>PHONE: 214-593-9110<br>MSHORE@SHOREFIRM.COM | LITIGATION SETTLEMENT | | | | $12,750,000.00 |
| 7 | MERSEN USA BN CORPORATION<br>900 HARRISON STREET<br>BAY CITY, MI  48708-8244 | CONTACT: MATTHIEU ELRIZ<br>PHONE: 989-894-2911<br>MATTHIEU.ELRIZ@MERSEN.COM | TRADE VENDOR | | | | $6,710,444.84 |
| 8 | THE WHITING-TURNER CONTRACTING COMPANY<br>8529 SIX FORKS ROAD FORUM IV SUITE<br>RALEIGH, NC  27615-4974 | CONTACT: SEAN NOONAN<br>PHONE: 410-821-1100<br>SEAN.NOONAN@WHITING-TURNER.COM | TRADE VENDOR | | | | $5,998,195.25 |
| 9 | DYNAMIC SYSTEMS, INC.<br>3901 SOUTH LAMAR BLVD.<br>AUSTIN, TX  78704-8718 | CONTACT: BRETT RANDALL<br>PHONE: 800-224-2724<br>BRANDALL@DSI.US | TRADE VENDOR | | | | $5,178,646.10 |
| 10 | JR AUTOMATION TECHNOLOGIES LLC<br>13365 TYLER STREET<br>HOLLAND, MI  49424-9421 | CONTACT: SHAWN SMITH<br>PHONE: 650-440-4805 / 678-497-1012<br>SHAWNSMITH@JRAUTOMATION.COM | TRADE VENDOR | | | | $5,025,342.33 |
| 11 | WASHINGTON MILLS ELECTRO MINERALS C<br>1801 BUFFALO AVENUE PO BOX 423<br>NIAGARA FALLS, NY  14302-0423 | CONTACT: ALDEN HARRIS<br>PHONE: 864-397-9198 / CELL 864-380-9271<br>AHARRIS@WASHINGTONMILLS.COM | TRADE VENDOR | | | | $4,800,000.00 |
| 12 | MATERION ADVANCED MATERIALS<br>2978 MAIN STREET<br>BUFFALO, NY  14214-1004 | CONTACT: RICH OLIVERI<br>PHONE: 716-278-6600<br>RICHARD.OLIVERI@MATERION.COM | TRADE VENDOR | | | | $3,364,802.13 |
| 13 | ROVISYS BUILDING TECHNOLOGIES, LLC<br>480 GREEN OAKS PKWY<br>HOLLY SPRINGS, NC  27540-7975 | CONTACT: JOSE PROANO<br>PHONE: 716-446-2223<br>JOSE.PROANO@ROVISYSBT.COM | TRADE VENDOR | | | | $2,997,157.73 |
| 14 | AXCELIS TECHNOLOGY, INC.<br>108 CHERRY HILL DRIVE<br>BEVERLY, MA  01915-1066 | CONTACT: CHRIS TATNALL<br>PHONE: 919-548-6447<br>CHRIS.TATNALL@AXCELIS.COM | TRADE VENDOR | | | | $2,813,729.50 |
| 15 | CAMTEK<br>HOPEWELL CENTRE 183<br>999077<br>HONG KONG | CONTACT: GUY SMITH<br>PHONE: 978-787-8401<br>GUYS@CAMTEK.COM | TRADE VENDOR | | | | $2,726,000.00 |
| 16 | ASM AMERICA, INC<br>3440 E UNIVERSITY DRIVE<br>PHOENIX, AZ  85034-7200 | CONTACT: ANKUSH KUMAR<br>PHONE: 510-624-9905 / 408-464-4282<br>ANKUSH.KUMAR@ASM.COM | TRADE VENDOR | | | | $2,648,574.00 |
| 17 | CANON USA, INC.<br>ONE CANON PARK<br>MELVILLE, NY  11747-3036 | CONTACT: DAVID SHEEHAN<br>PHONE: 480-859-8956<br>DSHEEHAN@CUSA.CANON.COM | TRADE VENDOR | | | | $2,372,633.58 |

Official Form 204   Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims   Page 2

**Debtor:** Wolfspeed, Inc. and Wolfspeed Texas LLC    **Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | YIELD ENGINEERING SYSTEMS, INC. 3178 LAURELVIEW COURT FREMONT, CA  94538-6535 | CONTACT: PIERRE MITCHELL PHONE: 631-330-5657 PMITCHELL@YES.TECH | TRADE VENDOR | | | | $2,304,534.00 |
| 19 | TOKYO ELECTRON 2400 GROVE BLVD AUSTIN, TX  78741-6500 | CONTACT: MARK DOUGHERTY PHONE: 925-373-8353 MARK.DOUGHERTY@US.TEL.COM | TRADE VENDOR | | | | $2,239,694.74 |
| 20 | AIXTRON 1700 WYATT DRIVE SUITE 15 SANTA CLARA, CA  95054-1526 | CONTACT: DENNIS DOUGHERTY PHONE: 512-424-1279 D.DOUGHERTY@AIXTRON.COM | TRADE VENDOR | | | | $2,161,212.19 |
| 21 | SGL CARBON CORPORATION 900 THERESIA STREET ST. MARYS, PA  15857-1832 | CONTACT: PETER ZIMMER PHONE: 669-228-3759 PETER.ZIMMER@SGLCARBON.COM | TRADE VENDOR | | | | $2,134,914.40 |
| 22 | INFOSYS LIMITED PLOT NO. 44/97 A, 3RD CROSS, ELECTR BENGALURU, 10  560100 | CONTACT: VENKAT SRINIVASAN PHONE: 814-781-2611 VENKAT_SRINIVASAN@INFOSYS.COM | TRADE VENDOR | | | | $2,093,872.00 |
| 23 | ANA TRADING CORP USA 3625 DEL AMO BLVD SUITE 300 M/S 20 TORRANCE, CA  90503-1693 | CONTACT: MARK NISHIMURA PHONE: 346-220-7331 M.NISHIMURA@ANATU.NET | TRADE VENDOR | | | | $1,976,494.37 |
| 24 | MESSER LLC 200 SOMERSET CORPORATE BLVD SUITE 7 BRIDGEWATER TOWNSHIP, NJ 08807-2882 | CONTACT: TAMMY HOTTE PHONE: 310-698-8550 / (424) 352-9951 TAMMY.HOTTE@MESSER-US.COM | TRADE VENDOR | | | | $1,934,501.56 |
| 25 | STARR ELECTRIC COMPANY, INCORPORATE 6 BATTLEGROUND COURT GREENSBORO, NC  27408-0000 | CONTACT: STEPHEN HURYSZ PHONE: 908-508-2467 AREID@STARRELECTRIC.NET | TRADE VENDOR | | | | $1,537,959.89 |
| 26 | D.H. GRIFFIN INFRASTRUCTURE LLC 4716 HILLTOP ROAD GREENSBORO  27407-5217 | CONTACT: KIRSTEN PETRINI PHONE: 336-275-0241 / 919-819-4409 KPETRINI@DHGRIFFIN.COM | TRADE VENDOR | | | | $1,482,621.98 |
| 27 | FABSOUTH LLC 114 E WAREHOUSE CT. TAYLORS, SC  29687-2756 | CONTACT: MICHAEL RUSSELL PHONE: 336-389-5439 MRUSSELL@SCSTEEL.COM | TRADE VENDOR | | | | $1,368,177.54 |
| 28 | SUSS MICROTEC 2520 PALISADES DRIVE CORONA, CA  92882-0632 | CONTACT: GARY CHOQUETTE PHONE: 954-651-0954 GARY.CHOQUETTE@SUSS.COM | TRADE VENDOR | | | | $1,261,633.90 |
| 29 | MILARA INC 49 MAPLE STREET MILFORD, MA  01757-3650 | CONTACT: RAYCHO SPILKOV PHONE: 951-817-3700 RAYCHO.SPILKOV@MILARASMT.COM | TRADE VENDOR | | | | $1,220,252.55 |

Debtor: Wolfspeed, Inc. and Wolfspeed Texas LLC     Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30  MCKINSEY & COMPANY  175 GREENWICH STREET  NEW YORK, NY  10007-2439 | CONTACT: WADE TOLLER  PHONE: 508-422-9555  W_TOLLER@MCKINSEYUSD.COM | PROFESSIONAL SERVICES | | | | $1,200,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Wolfspeed, Inc., | ) Case No. 25-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Blackrock Inc. | 11.71% |
| UBS Asset Management AG | 11.61% |
| Vanguard Group Inc. | 10.24% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| Wolfspeed, Inc., | ) Case No. 25-_____(___) |
| Debtor. | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] By the *Emergency Motion of Debtors for an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information; and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of equity security holders.

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name  **Wolfspeed, Inc.** |
| United States Bankruptcy Court for the:  **Southern District of Texas**               (State) |
| Case number (If known): |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| **06/30/2025** | ☒ */s/ Daniel Hugo* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Daniel Hugo** |
| | Printed name |
| | **Deputy Chief Restructuring Officer** |
| | Position or relationship to debtor |