## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| WOLFSPEED, INC., *et al.*, | : | Case No.  25-90163 (CML) |
|  | : |  |
| Debtors.[1] | : | (Joint Administration Requested) |
|  | : |  |

------------------------------------------------------------ x

### EMERGENCY MOTION OF DEBTORS FOR AN ORDER
### (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY
### OF DISCLOSURE STATEMENT, (B) CONFIRMATION OF PLAN,
### AND (C) APPROVAL OF BACKSTOP AGREEMENT; (II) APPROVING
### (A) SOLICITATION PROCEDURES AND (B) FORM AND  MANNER OF
### NOTICE OF COMMENCEMENT, COMBINED HEARING, AND OBJECTION
### DEADLINE; (III) FIXING DEADLINE TO OBJECT TO DISCLOSURE STATEMENT
### AND PLAN; (IV) CONDITIONALLY (A) DIRECTING THE UNITED STATES
### TRUSTEE NOT TO CONVENE  SECTION 341 MEETING OF CREDITORS AND (B)
### WAIVING REQUIREMENT TO FILE STATEMENTS OF FINANCIAL AFFAIRS AND
### SCHEDULES OF ASSETS AND LIABILITIES, (V) CONDITIONALLY APPROVING
### THE DISCLOSURE STATEMENT; AND (VI) GRANTING RELATED RELIEF

**Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on July 1, 2025.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on July 1, 2025 at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1]   The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are: Wolfspeed, Inc. (2719) and Wolfspeed Texas LLC (0339).  The Debtors' mailing address is 4600 Silicon Drive, Durham, NC 27703.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Wolfspeed, Inc. and its debtor affiliate in the above-captioned Chapter 11 Cases (as defined herein), as debtors and debtors in possession (collectively, the "***Debtors***"), respectfully state as follows in support of this motion (this "***Motion***"):

## RELIEF REQUESTED

1.    By this Motion, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto:

    i.    scheduling a combined hearing (the "***Combined Hearing***") to (a) approve the *Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Wolfspeed, Inc. and Its Debtor Affiliate* (as may be amended, modified, or supplemented from time to time, the "***Disclosure Statement***"), (b) consider confirmation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Wolfspeed, Inc. and Its Debtor Affiliate* (as may be amended, modified, or supplemented from time to time and including all exhibits thereto, the "***Plan***"),[2] and (c) consider approval of the Debtors' entry into the Backstop Commitment Agreement;

    ii.    establishing a deadline to object to the adequacy of the Disclosure Statement, confirmation of the Plan, and approval of the Debtors' entry into the Backstop Agreement (the "***Objection Deadline***");

    iii.    approving the Solicitation Procedures (as defined herein) with respect to the Plan, including the forms of ballots to solicit votes to accept or reject the Plan ("***Ballots***") and Notice of Non-Voting Status (as defined herein);

    iv.    approving the form and manner of the notice of the commencement of the Chapter 11 Cases (as defined below), the Combined Hearing, and the Objection Deadline;

    v.    so long as the Plan is confirmed on or before September 15, 2025 (the "***SOFA/Schedule Deadline***"), (a) directing the Office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***") not to convene an initial meeting of creditors under section 341(a) of the Bankruptcy Code (the "***341 Meeting***"), (b) waiving the requirement that the Debtors file statements of financial affairs ("***SOFAs***") and schedules of assets and liabilities ("***Schedules***"), and (c) waiving the requirement that the Debtors file their initial reports of financial information with respect to entities in which their chapter 11 estates hold a

---

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan or, if not defined therein, in the First Day Declaration (as defined below).

controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**");

    vi.    conditionally approving the Disclosure Statement; and

    vii.    granting related relief.

2. The following table summarizes the relevant dates requested in this Motion (subject to the Court's calendar):

| Event | Date/Deadline |
|---|---|
| Voting Record Date | June 25, 2025 |
| Solicitation Commencement Date | June 27, 2025 |
| Petition Date | June 30, 2025 |
| Mailing of Combined Notice, Notice of Non-Voting Status, and Release Opt-Out Elections Forms | Within two (2) business days following entry of the Proposed Order (or as soon as reasonably practicable thereafter) |
| Plan Supplement Initial Filing | August 12, 2025 |
| Voting Deadline | August 22, 2025 |
| Deadline for Holders in Non-Voting Classes to Submit Opt-Out Form | August 22, 2025 |
| Plan/Disclosure Statement/Backstop Agreement Objection Deadline | August 22, 2025 |
| Deadline to File Confirmation Brief and Reply to Objections(s) | September 5, 2025 |
| Combined Hearing | September 8, 2025 |
| SOFA/Schedule Deadline | September 15, 2025 |

3. The following table summarizes the attachments and exhibits cited throughout this Motion:

| Pleading | Exhibit |
|---|---|
| Proposed Order | Attached to this Motion |
| Combined Notice | Exhibit 1 to the Proposed Order |
| Notice of Non-Voting Status and Release Opt-Out Form | Exhibit 2 to the Proposed Order |
| Form of Class 3 Beneficial Holder Ballot | Exhibit 3-A to the Proposed Order |
| Form of Class 3 Master Ballot | Exhibit 3-B to the Proposed Order |
| Form of Class 3 Registered Holder Ballot | Exhibit 3-C to the Proposed Order |
| Form of Class 4 Beneficial Holder Ballot | Exhibit 4-A to the Proposed Order |
| Form of Class 4 Master Ballot | Exhibit 4-B to the Proposed Order |
| Form of Class 5 Ballot | Exhibit 5 to the Proposed Order |

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and legal predicates for the relief requested herein are sections 105(a), 341, 521(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), rules 1007(b), 2002, 2003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rules 3016-2 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas (the "***Complex Case Procedures***").

## BACKGROUND

6.      On the date hereof (the "***Petition Date***"), the Debtors each commenced with the Court a voluntary case (the "***Chapter 11 Cases***") under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

7.      Contemporaneously with the filing of the Motion, the Debtors filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

8.      The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Daniel Hugo in Support of Chapter 11 Petitions and First Day Relief* (the

"**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

9.      The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are a leading producer of wide bandgap semiconductors, silicon carbide ("**SiC**") materials, and gallium nitride ("**GaN**") materials. The Company's products are used in a broad range of applications, including electric vehicles, motor drives, power supplies, military communications, radar, satellite, and telecommunications. Established in 1987, the Company's headquarters are located in Durham, North Carolina and the majority of the Company's products are manufactured at the Company's production facilities in North Carolina, New York, and Arkansas.

10.      On June 22, 2025, the Debtors entered into that certain Restructuring Support Agreement (as may be amended from time to time and including all exhibits thereto, the "**Restructuring Support Agreement**") with (i) an ad hoc group of secured noteholders (the "**Ad Hoc Senior Secured Noteholder Group**") that collectively hold, own, or control more than 97% of the aggregate outstanding principal amount of the Senior Secured Notes, (ii) an ad hoc group of unsecured noteholders (the "**Ad Hoc 26s/28s/29s Noteholder Group**") that collectively hold, own, or control more than 67% of the aggregate outstanding principal amount of the Convertible Notes, and (iii) Renesas Electronics America Inc. ("**Renesas**" and, together with the Ad Hoc Senior Secured Noteholder Group and the Ad Hoc 26s/28s/29s Noteholder Group, the "**Consenting Creditors**") which holds, owns, or controls 100% of the outstanding principal amount of loans under the Customer Refundable Deposit Agreement. Under the Restructuring Support Agreement, each of the Consenting Creditors has agreed to support the Company's restructuring pursuant to the *Joint Prepackaged Chapter 11 Plan of Reorganization of Wolfspeed, Inc. and its Debtor*

*Affiliate* (as may be modified, amended, or supplemented and including all exhibits, schedules, or supplements thereto, the "***Plan***") filed contemporaneously herewith.

## THE PLAN

11.     As described in more detail in the First Day Declaration and the Disclosure Statement, during the months leading up to the Petition Date, the Debtors negotiated a holistic balance-sheet restructuring memorialized in the Plan.  The Plan has the overwhelming support of the Debtors' major stakeholders, as evidenced by the Restructuring Support Agreement, which was executed by the Consenting Creditors.

12.     Subject to the Court's approval, the Plan will accomplish a material deleveraging of the Debtors' balance sheet by reducing debt by approximately $4.631 billion, without impairing business operations and, notably, satisfying General Unsecured Claims in full.  Pursuant to the Restructuring Support Agreement, the Consenting Creditors agreed to, among other things, vote in favor of and support confirmation of the Plan.  Accordingly, with the support of their key stakeholders and the Plan, the Debtors expect to emerge from the Chapter 11 Cases expeditiously, with a right-sized balance sheet, and poised for future growth and success.

13.     The Debtors' general unsecured creditors, including trade and critical vendors, employees, and insurance providers, are unimpaired under the Plan and, pursuant to relief sought at the outset of these cases, will continue to receive payments in the ordinary course of business, subject to the applicable contracts and arrangements governing their respective relationships with the Debtors.  In short, the Debtors anticipate and intend that their operations will continue unchanged and uninterrupted as a result of the Chapter 11 Cases.  Accordingly, the Debtors believe that the transactions contemplated by the Restructuring Support Agreement and the Plan represent the best path forward to strengthen their business by materially de-levering their balance sheet, while allowing business operations to continue without unnecessary interruption.

## BASIS FOR RELIEF

**A.      Scheduling a Combined Hearing Is Reasonable and Appropriate.**

14.      The Debtors seek to set the Combined Hearing to consider approval of the Disclosure Statement, the Plan, and entry into the Rights Offering Backstop Commitment Agreement, dated June 22, 2025, by and among the Debtors and the Commitment Parties (as defined therein) pursuant to which the Commitment Parties committed to purchase and backstop, as applicable, 100% of the New 2L Convertible Notes Rights Offering Amount, at the Purchase Price, in exchange for the Backstop Premium (each, as defined therein) (as may be amended, supplemented or modified from time to time, the "***Backstop Agreement***").  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of a chapter 11 plan.  11 U.S.C. § 105(d)(2)(B)(vi).  Additionally, Section P of the Complex Case Procedures and Bankruptcy Local Rule 3016-2 allow the Court to combine the hearing to consider adequacy of the Disclosure Statement and hearing to consider confirmation of the Plan, so long as the motion: (i) identifies the proposed balloting agent; (ii) identifies any voting procedures in addition to those required in the Complex Case Procedures; and (iii) identifies the proposed hearing date for final approval of the disclosure statement and confirmation of the proposed plan—as this Motion does.  Bankruptcy Rule 3020(b)(1) also provides that objections to confirmation of a plan must be filed and served "within the time set by the court," which time the Debtors request hereby.  Fed. R. Bankr. P. 3020(b)(1).  Finally, it is appropriate to schedule a hearing to consider approval of the Backstop Agreement on such date because parties in interest will have received at least twenty-one (21) days' notice of the Debtors' motion seeking entry into the Backstop Agreement.

15.     In advance of the Petition Date, the Debtors completed the most sensitive and difficult task required to effectuate a successful reorganization: the negotiation of the Plan with the support of the Consenting Creditors.  The Debtors also began soliciting votes on the Plan from Holders of Claims entitled to vote to accept or reject the Plan prior to the Petition Date. Accordingly, a Combined Hearing in the Chapter 11 Cases will promote judicial economy and allow the Debtors to effectuate their restructuring expeditiously and preserve value.   The Combined Hearing will minimize the adverse effects of the chapter 11 filings on the Debtors' business and going-concern value and maximize value through prompt distributions of recoveries set forth in the Plan.  In addition to the reasons set forth below, entry of the Proposed Order at this time will inform parties in interest, as promptly as possible, of the anticipated schedule of events that will occur up to and including confirmation of the Plan at the Combined Hearing, including their deadline to vote on the Plan.

**B.     Approval of the Disclosure Statement**

16.     At the Combined Hearing, the Debtors will seek approval of the Disclosure Statement.  Under Bankruptcy Code section 1125, a plan proponent must provide holders of impaired claims and interests with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

17.     Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the Court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365. *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (observing that "adequate information will be determined by the facts and circumstances of each case"); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court").

18.     The Disclosure Statement is extensive and comprehensive. It includes descriptions of (i) the Plan, (ii) the Debtors' business operations, (iii) key events leading to the commencement of these Chapter 11 Cases, (iv) the Debtors' significant prepetition indebtedness, (v) the proposed, pro forma capital structure of the Reorganized Debtors, (vi) financial information and valuations that would be relevant to creditors' determination to accept or reject the Plan, (vii) a liquidation analysis setting forth the estimated return that Holders of Claims and Interests would receive in a hypothetical chapter 7 liquidation, (viii) risk factors associated with the Plan, and (ix) federal tax law consequences of the Plan.

19.     In making the case-by-case determination of whether a disclosure statement contains adequate information, courts typically look for disclosures related to a variety of topics. Such topics may include, among others, (a) the events that led to the filing of a bankruptcy petition,

(b) the relationship of the debtor with its affiliates, (c) a description of the available assets and their value, (d) the debtor's anticipated post-emergence operations, (e) claims asserted against the debtor, (f) the estimated return to creditors under a chapter 7 liquidation, (g) the chapter 11 plan or a summary thereof, (h) financial information relevant to a creditor's decision to accept or reject the chapter 11 plan, (i) information relevant to the risks posed to creditors under the plan, and (j) the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers. *See In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984).

20.     At the Combined Hearing, the Debtors will demonstrate, as summarized above, that the Disclosure Statement provides "adequate information" under section 1125(a) of the Bankruptcy Code and, therefore, should be approved by the Court.

## C.     Confirmation of the Plan

21.     The Debtors believe that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  Before the Combined Hearing, the Debtors will file a brief in support of confirmation that, among other things, will (i) demonstrate that the Plan satisfies the requirements for plan confirmation set forth in Bankruptcy Code section 1129 and (ii) respond to objections to confirmation, if any.

## D.     Approval of the Solicitation Procedures and Forms of Solicitation Materials

22.     The Court should approve the solicitation, balloting, tabulation, and related activities undertaken in connection with the Plan (collectively, the "*Solicitation Procedures*").  As set forth below, the Solicitation Procedures comply with the various applicable provisions of the Bankruptcy Rules and Bankruptcy Code and should be approved.

1. **Debtors' Prepetition Solicitation Was Exempt from Registration and Disclosure Requirements Otherwise Applicable Under Non-Bankruptcy Law**

23. Section 1125(g) of the Bankruptcy Code provides: "[A]n acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable non-bankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable non-bankruptcy law."  11 U.S.C. § 1125(g). Section 1126(b) of the Bankruptcy Code provides:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—(a) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (b) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).  Therefore, either the prepetition solicitation must comply with generally applicable federal and state securities laws and regulations (including the registration and disclosure requirements thereof) or, if such laws and regulations do not apply, the solicited holders must receive "adequate information" under section 1125 of the Bankruptcy Code.

24. The Debtors' prepetition Solicitation of Eligible Holders (as defined below) is exempt from the registration requirements of the Securities Act pursuant to Section 4(a)(2) of the Securities Act (and Regulation D and Regulation S of the Securities Act promulgated thereunder), and under state "Blue Sky" laws, or any similar rules, regulations, or statutes.

25. Prior to the Petition Date, the Debtors solicited votes on the Plan from Eligible Holders of Claims in the Voting Classes (each as defined below).  Because the Plan provides Holders of Allowed Claims in the Voting Classes with distributions that include new securities under the Plan, the Debtors required each Holder submitting a Ballot prior to entry of the Proposed

Order to certify in the applicable Ballot that such Holder is (i) a "qualified institutional buyer" (as defined in Rule 144A under the Securities Act of 1933 (as amended, the ***Securities Act***")), (ii) an "accredited investor" (as defined in Rule 501(a) of Regulation D under the Securities Act) (or their authorized signatories); or (iii) for holders located outside the United States, a person other than a "U.S. person" (as defined in Rule 902 under the Securities Act) and not participating on behalf of or on account of a U.S. person (collectively, the "***Eligible Holders***").

26.     As such, the Debtors' prepetition Solicitation falls within the exemption set out in section 4(a)(2) of the Securities Act and Regulation D and Regulation S promulgated thereunder. The requirements of section 1126(b)(1) of the Bankruptcy Code have been satisfied by the Debtors' prepetition Solicitation process.  As noted above, the Debtors will seek a final determination from the Court at the Combined Hearing that all solicited holders received "adequate information" as defined by section 1125(a) of the Bankruptcy Code in compliance with section 1126(b)(2) of the Bankruptcy Code.

27.     The Debtors commenced solicitation of votes on the Plan from Eligible Holders of Claims in the Voting Classes prior to the Petition Date by distributing the Solicitation Package (as defined below) to all Holders in the Voting Classes.  While Holders of Claims in Voting Classes who are not Eligible Holders (and to whom the exemptions applicable to Eligible Holders do not apply)(collectively,  the  "***Non-Eligible  Holders***")  also  received  the  Solicitation  Package prepetition, the Non-Eligible Holders were directed not to submit their ballots prior to entry of the Proposed Order.  The Debtors propose to solicit votes from Non-Eligible Holders on a postpetition basis following entry of the Proposed Order.

28.     and to whom the exemptions applicable to Eligible Holders do not apply, on a postpetition basis following entry of the Proposed Order.

29.     Therefore, because the Solicitation Procedures comply with applicable Federal and state securities laws, the Debtors' prepetition actions under the Solicitation Procedures satisfied the requirements of Section 1126(b)(1) of the Bankruptcy Code.  Further, the Debtors respectfully submit that the Solicitation Procedures also satisfy Section 1126(b)(2) of the Bankruptcy Code. All Holders of Claims in the Voting Classes received "adequate information" as that term is used in Section 1125(a) of the Bankruptcy Code and, accordingly, the Solicitation Procedures with respect to the Voting Classes should be approved.

**2.      Non-Solicitation of Holders Presumed to Accept or Deemed to Reject the Plan**

30.     The Plan provides that the Holders of Claims and Interests in specific Classes are presumed to accept or deemed to reject the Plan (collectively, the "***Non-Voting Classes***"). Specifically, Holders of Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 6 (General Unsecured Claims), and Class 9 (510(b) Claims) are unimpaired and are presumed to accept the Plan (collectively, the "***Unimpaired Non-Voting Classes***").  Pursuant to section 1126(f) of the Bankruptcy Code, each Holder of a Claim or Interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class... is not required." 11 U.S.C. § 1126(f).  Accordingly, Holders in the Unimpaired Non-Voting Classes are conclusively presumed to accept the Plan and, therefore, are not entitled to vote.

31.     In addition, Holders of Interests in Class 10 (Existing Equity Interests) are not receiving or retaining any property under the Plan on account of the value of their Existing Equity Interests; *provided*, such Holders of Existing Equity Interests are receiving a recovery as a gift from applicable creditors as set forth in the Plan.  Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any

property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g).  Accordingly, because their recovery is funded solely as a gift from applicable creditors, the Holders of Existing Equity Interests in Class 10 are conclusively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

32.     Similarly, Holders of Claims and Interests in Class 7 (Intercompany Claims) and Class 8 (Intercompany Interests) are either unimpaired or not expected to receive any recovery on account of their Claims or Interests, and thus are either presumed to accept or deemed to reject the Plan (as applicable).  Accordingly, Holders of Claims and Interests in each of the Non-Voting Classes are conclusively presumed to either accept or reject the Plan and were not solicited.

33.     The Debtors are requesting a waiver of the requirement that they mail copies of the Plan and Disclosure Statement to any Non-Voting Class.  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders).  The Debtors submit that Bankruptcy Rule 3017(d) does not apply here because the Debtors commenced Solicitation of acceptances and rejections of the Plan on a prepetition basis, and, thus, there was no disclosure statement "approved by the court" to transmit. Further, the Debtors are not required to provide those materials to Holders in Non-Voting Classes because they are either presumed to accept or deemed to reject the Plan by operation of law. Accordingly, it would be a significant and unnecessary administrative burden on the Debtors to transmit the Disclosure Statement and Plan to Holders in such Non-Voting Classes.

34.     In lieu of furnishing each Non-Voting Class with a copy of the Plan and Disclosure Statement, the Debtors propose to send to each Non-Voting Class the Combined Notice (as defined below), which sets forth a summary of the Plan, the treatment of such Claims and Interests in the Non-Voting Classes, and the manner in which a copy of the Plan and the Disclosure Statement

may be obtained.  The Debtors have made the Disclosure Statement and the Plan available at no cost on the website of the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC (the "**Solicitation Agent**") at https://dm.epiq11.com/Wolfspeed.

35.    In addition to the Combined Notice, the Debtors propose to send to the Holders in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 6 (General Unsecured Claims), Class 9 (510(b) Claims), and Class 10 (Existing Equity Interests) the notice of non-voting status (the "**Notice of Non-Voting Status**"), which the Debtors propose to mail (or cause to be mailed) to such holders within two (2) business days of the entry of the Proposed Order or as soon as reasonably practicable thereafter.  With respect to Class 7 (Intercompany Claims) and Class 8 (Intercompany Interests), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other type of notice in connection with the Plan because such Claims and Interests are held by the Debtors' affiliates (and not individual creditors or interest holders).

36.    The Notice of Non-Voting Status, attached as **Exhibit 2** to the Proposed Order, contains the full text of the injunction, release, and exculpation provisions set forth in Article 10.5, 10.6, and 10.7, respectively, of the Plan and advises the Holders in the Non-Voting Classes that they will be deemed to have consented to the third-party release provision in Article 10.6(b) of the Plan unless they timely and properly choose to opt out on the Release Opt-Out Forms provided to them by the Debtors.[3]  The Notice of Non-Voting Status also includes instructions for where the Holders in Non-Voting Classes can obtain, free of charge, copies of the Plan, Disclosure Statement, and related exhibits such as the valuation analysis, financial projections, and Plan Supplement Documents and information generally about the Plan and Combined Hearing.  Under

---

[3]    The proposed deadline for submission of Release Opt-Out Forms is the Voting Deadline of August 22, 2025 at 5:00 p.m. (Central Time).

the circumstances, the Debtors submit that the Notice of Non-Voting Status is adequate and appropriate to provide the Holders in Non-Voting Classes notice of their non-voting status and the opportunity to opt out of the third-party release set forth in Article 10.6(b) of the Plan.

37.     For the foregoing reasons, the Solicitation Procedures undertaken by the Debtors and described herein with respect to the Non-Voting Classes comply with the Bankruptcy Code and should be approved.  Accordingly, the Debtors respectfully request that the Court approve the Solicitation Procedures with respect to the Non-Voting Classes.

**3.     Solicitation of Impaired Classes Entitled to Vote to Accept or Reject the Plan**

38.     Three (3) classes of Claims are impaired and entitled to vote to accept or reject the Plan:  Class 3 (Senior Secured Notes Claims), Class 4 (Convertible Notes Claims), and Class 5 (Renesas Claims) are impaired (collectively, the "***Voting Classes***").

39.     The Debtors distributed the Solicitation Package (as defined below) prior to the Petition Date in accordance with sections 1125 and 1126 of the Bankruptcy Code.  *See* 11 U.S.C. § 1125(g) ("[A]n acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable non-bankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable non-bankruptcy law.").  Furthermore, it is important that the Chapter 11 Cases proceed as expeditiously as possible.

40.     Specifically, on June 27, 2025 the Debtors commenced the solicitation of votes (such solicitation, the "***Solicitation***") from Holders in the Voting Classes by distributing solicitation materials via email and first class mail or via overnight delivery copies of the solicitation package containing the Disclosure Statement, including the Plan and other exhibits thereto, and one or more Ballots, as applicable (the "***Solicitation Package***").

41.     The Solicitation Package advises Holders in the Voting Classes that, among other things, the deadline for submitting a Ballot containing a vote to accept or reject the Plan is August 22, 2025 at 5:00 p.m. (Central Time) (the "***Voting Deadline***"), which may be extended by the Debtors in their discretion.

42.     The Solicitation Package advised recipients that Ballots must be returned to the Solicitation Agent in accordance with express submission instructions set forth in the Ballots.[4] Each Ballot also contains detailed instructions on how to complete it and how to make any applicable elections contained therein.

43.     Moreover, the materials in the Solicitation Package establish and communicate how the Solicitation Agent will tabulate the votes and elections contained in the Ballots.  Those tabulation rules provide, among other things, that: (i) the last properly completed Ballot submitted by a Holder of a Claim in a Voting Class, that is actually received by the Solicitation Agent on or before the Voting Deadline, supersedes and revokes any prior Ballot(s) submitted by that Holder on account of the same Claim; (ii) Ballots that attempt to partially accept and partially reject the Plan will not be counted; (iii) illegible Ballots will not be counted; (iv) Ballots containing insufficient information to identify the Holder will not be counted; (v) any form of ballot other than the official form of Ballot sent by the Solicitation Agent will not be counted; (vi) Ballots received after the Voting Deadline (provided that such Voting Deadline has not been extended) will not be counted; and (vii) Ballots received prior to the entry of the Proposed Order from Non-

---

[4]     Holders of Claims in the Voting Classes were instructed to submit Ballots (i) for Master Ballots, via email at the email address provided in the Master Ballots, (ii) for Class 3 Registered Holder Ballots and Class 5 Ballots, via the online ballot portal accessible at the Debtors' restructuring website maintained by the Solicitation Agent, or (iii) in hardcopy by regular mail, overnight courier, or hand delivery to the address provided in the Ballots  Holders of Claims and Interests in the Non-Voting Classes were instructed to submit Release Opt-Out Forms, as applicable, (i) in hard copy by regular mail, overnight courier, or hand delivery to the proposed Solicitation Agent's address provided in the Release Opt-Out Form or (ii) online via the electronic opt-out portal accessible at the Debtors' restructuring website maintained by the Solicitation Agent.

Eligible Holders.  As specified on the Ballots, any Ballot that is otherwise properly completed, executed, and timely returned to the Solicitation Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted as a vote in determining acceptance or rejection of the Plan.

44.     To establish Claim amounts for voting purposes for Holders of Claims in the Voting Classes the Solicitation Agent relied on (i) the Debtors' applicable books and records, or (ii) the registry of such Holders maintained by the applicable indenture trustee for the notes associated with each of the Senior Secured Notes and the Convertible Notes associated with Class 3 Senior Secured Notes Claims and Class 4 Convertible Notes Claims or, in the amount of such Claims held by each Beneficial Holder through its Nominee as of the Voting Record Date as evidenced by the securities position report(s) from The Depository Trust Company ("*DTC*") or other applicable depositories.

### 4.      The Voting Record Date

45.     Bankruptcy Rule 3018(b) provides, in a prepetition solicitation, the holders of record of the applicable claims against and interests in a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." Fed R. Bankr. P. 3018(b). The Ballots clearly identify June 25, 2025 as the date for determining which Holders of Claims and Interests in the Voting Classes were entitled to vote to accept or reject the Plan (the "*Voting Record Date*").

### 5.      Voting Deadline

46.     Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all of the holders of claims in the same Voting Class and the time for voting was not unreasonably short.  All Holders of Claims and Interests in the Voting Classes entitled to vote on the Plan were transmitted the Plan on June 27,

2025 (the "***Solicitation Commencement Date***").[5]  As set forth in the Disclosure Statement and Ballot, the Voting Deadline is August 22, 2025 at 5:00 p.m. (Central Time).

47.     Notably, the Consenting Creditors were aware of and agreed to the Voting Deadline in advance of the Solicitation Commencement Date to facilitate an expeditious restructuring consistent with the carefully-negotiated terms of the Plan and the Restructuring Support Agreement.  Additionally, because the terms of the Plan were the product of good faith and hard-fought arm's-length negotiations between the Debtors and the Consenting Creditors, the Plan and the Disclosure Statement were subject to extensive review and comment by the Consenting Creditors prior to the Solicitation Commencement Date. The Consenting Creditors, which constitute the overwhelming majority of parties entitled to vote on the Plan, thus were familiar with its contents of the Plan and the Disclosure Statement, even before Solicitation began.

48.     In light of the circumstances, Holders of Claims and Interests in the Voting Classes had adequate time to consider the Plan and the Disclosure Statement and submit their respective Ballots before the Voting Deadline.  Further, the overwhelming majority of Holders of Claims or Interests in the Voting Classes are sophisticated and were able to review the Disclosure Statement, were able to review and vote on the Plan, and are able to respond with objections, if any, by the deadlines set forth in the Ballots and the Combined Notice.  For these reasons, the Debtors believe that the Solicitation period is sufficient and appropriate for Holders of Claims in the Voting Classes to make an informed decision to vote to accept or reject the Plan.

---

[5]     While all Holders of Claims and Interests in the Voting Class were transmitted the Plan on June 27, 2025, Non-Eligible Holders are not permitted to vote on the Plan prior to entry of the Proposed Order.

###### 6.      Form of Ballot and Tabulation Procedures

49.      Bankruptcy Rule 3017(d) requires that the Debtors use a form of ballot substantially conforming to Official Form No. 314.  The Ballots, copies of which are annexed as **Exhibits 3A, 3B, 3C, 4A, 4B, and 5** to the Proposed Order, are based on Official Form No. 314 and were modified to address the particular aspects of the Chapter 11 Cases and to be relevant and appropriate for the Voting Classes.

50.      As set forth above, to be counted as votes to accept or reject the Plan, the Ballots are required to be properly executed, completed, and delivered to the Solicitation Agent so that they are received no later than the Voting Deadline.

51.      In consideration of the foregoing, the Debtors submit that the Solicitation Procedures are in full compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  Accordingly, the Debtors respectfully request that this Court approve the Solicitation Procedures, including the Ballots and tabulation procedures.

### E.      Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Plan

52.      Bankruptcy Rule 3017(c) provides that "[a]t the time or before the disclosure statement is approved, the court . . . may set a date for a confirmation hearing." Fed. R. Bankr. P. 3017(c). Bankruptcy Rules 2002(b) and 3017(a) require that 28 days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement or confirmation of a chapter 11 plan, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within the time set by the court." Fed. R. Bankr. P. 3020(b)(1).

53.      The Debtors request that the Court set August 22, 2025 at 5:00 p.m. (Central Time), as the Objection Deadline.  The proposed Objection Deadline will provide Holders of Claims and

Interests with sufficient notice of the deadline for filing objections to the Disclosure Statement, Plan, and the Debtors' entry into the Backstop Agreement, while still affording the Debtors and other parties time to file a responsive brief and, if possible, resolve consensually any objections received.  The Debtors further request that they be authorized to file replies to any timely objections or responses no later than September 5, 2025 at 5:00 p.m. (Central Time).

54.    The Debtors will file certain initial documents contemplated under the Plan Supplement (as defined in the Plan) (the "***Initial Plan Supplement***") no later than ten (10) days prior to the Objection Deadline and certain additional and/or revised Plan Supplement Documents (collectively, the "***Final Plan Supplement***") as soon as practicable thereafter.

55.    The Debtors request that the Court direct that any responses or objections to the adequacy of the Disclosure Statement, confirmation of the Plan, and the Debtors' entry into the Backstop Agreement must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Bankruptcy Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; (iv) include proposed language that if included in the Plan would remedy the matters set forth in the objection; and (v) be filed with the Court, together with proof of service.  In addition to being filed with the Court, any such responses or objections must be served on the parties listed below (the "***Notice Parties***") so as to be received by the Objection Deadline:

    (i)      the Debtors, c/o Wolfspeed, Inc., 4600 Silicon Drive, Durham, NC 27703, Attn: Melissa Garrett (Melissa.Garrett@wolfspeed.com);

    (ii)     the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff (Jayson.B.Ruff@usdoj.gov) and Andrew Jimenez (Andrew.Jimenez@usdoj.gov);

    (iii)    Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Ray C. Schrock (ray.schrock@lw.com); Alexander W. Welch (alex.welch@lw.com); Keith A. Simon (keith.simon@lw.com); Eric L. Einhorn (eric.einhorn@lw.com), proposed co-counsel to the Debtors;

(iv)    Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, TX 77002, Attn: Timothy A. ("Tad") Davidson II (taddavidson@hunton.com), Ashley L. Harper (ashleyharper@hunton.com), Philip M. Guffy (pguffy@hunton.com), proposed co-counsel to the Debtors;

(v)    Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue New York, NY 10019, Attn: Ken Ziman (kziman@paulweiss.com); Kyle Kimpler (kkimpler@paulweiss.com); Stephanie P. Lascano (slascano@paulweiss.com); Tyler Zelinger (tzelinger@paulweiss.com), counsel to the Ad Hoc Senior Secured Group;

(vi)    Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Ryan Preston Dahl (ryan.dahl@ropesgray.com); Matthew M. Roose (matthew.roose@ropesgray.com); Sam Badawi (sam.badawi@ropesgray.com); counsel to the Ad Hoc 26s/28s/29s Noteholder Group; and

(vii)    Kirkland & Ellis LLP, 601 Lexington Avenue New York, NY 10022, Attn: Steven N. Serajeddini (steven.serajeddini@kirkland.com); Yusuf Salloum (yusuf.salloum@kirkland.com); Claire Stephens (claire.stephens@kirkland.com), counsel to Renesas.

56.    The Debtors submit the objection procedures comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and respectfully requests that the Court (i) approve the Objection Deadline and (ii) ratify the Debtors' proposal to require that objections to the adequacy of the Disclosure Statement or confirmation of the Plan meet the factors set forth above.

**F.**    **Form and Manner of Notice of the Commencement of the Chapter 11 Cases, Combined Hearing, and Objection Deadline**

57.    As soon as possible after the Court's entry of the Proposed Order, the Debtors intend to serve a notice (the "***Combined Notice***"), substantially in the form annexed as **Exhibit 1** to the Proposed Order, (i) on the Debtors' creditor matrix; (ii) all interest holders of record; and (iii) all counterparties to the Debtors' executory contracts and unexpired leases, excluding the Debtors and their affiliates. The Combined Notice sets forth (i) the date, time, and place of the Combined Hearing; (ii) instructions for obtaining copies of the Disclosure Statement and the Plan; (iii) the Objection Deadline; (iv) the procedures for filing objections to the adequacy of the

22

Disclosure Statement and confirmation of the Plan; and (v) a summary of the key provisions of the Plan governing the assumption or rejection of executory contracts and unexpired leases.

58.     In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr P. 2002(l).  The Debtors request that this Court authorize the Debtors, in their discretion, to give supplemental publication notice of the Combined Hearing, no later than seven days prior to the Combined Hearing, in the national edition of the *New York Times* or similar national publication.

59.     As an additional form of notice to parties in interest in these cases, the Debtors intend to post to the proposed Solicitation Agent's website various chapter 11 documents, including (i) the Plan, (ii) the Disclosure Statement, (iii) this Motion and any orders entered in connection with this Motion, and (iv) the Combined Notice.

60.     The proposed service of the Combined Notice by publication and posting on the case website established by the proposed Solicitation Agent, together with the proposed notice, will provide sufficient notice to all parties in interest in the Chapter 11 Cases of the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or confirmation of the Plan.  In addition, the Solicitation Agent will post the notice of the commencement of the Chapter 11 Cases to the DTC's Legal and Tax Notice System, a service which is available to Nominees who use the DTC system.  Finally, notice of commencement of the Chapter 11 Cases will be filed with the Securities and Exchange Commission on Form 8-K and, thus, will be available to interested parties through the Securities and Exchange Commission's EDGAR website.

**G.      Notice of Assumption of Executory Contracts and Unexpired Leases**

61.      The Debtors intend to serve the Combined Notice on all non-debtor counterparties to executory contracts and unexpired leases, reflecting the Debtors' intention to assume executory contracts and unexpired leases in connection with the Plan, in the ordinary course of business.  The Plan provides, and the Combined Notice discloses, that all executory contracts and unexpired leases to which any of the Debtors are party shall be deemed assumed, unless such contract or lease (i) has been assumed or rejected by the Debtors pursuant to a prior order of the Bankruptcy Court; (ii) is the subject of a motion to reject filed by the Debtors as of the effective date of the Plan; (iii) is identified as an executory contract or unexpired lease to be rejected by the Debtors on the Schedule of Rejected Executory Contracts and Unexpired Leases; or (iv) is rejected or terminated pursuant to the terms of the Plan.  Disputes pertaining to the assumption of an executory contract or unexpired lease are addressed by Article 8 of the Plan.  For the avoidance of doubt, other than the Combined Notice, the Debtors do not intend to serve a separate notice on parties to executory contracts and unexpired leases regarding assumption of executory contracts and unexpired leases.

62.      The Debtors submit that notice of their assumption of executory contracts and unexpired leases, as provided in the Combined Notice and the Plan, is appropriate under the circumstances.

**H.      Extension and Conditional Waiver of the 341 Meeting and the Filing of SOFAs and Schedules**

63.      The Debtors also request that the Proposed Order provide that (i) the 341 Meeting shall not be scheduled by the U.S. Trustee on or before the SOFA/Schedule Deadline (September 15, 2025) which is 77 days from the Petition Date, (ii) the time for filing the SOFAs and Schedules and 2015.3 Reports be extended until the same date, and (iii) if the Plan is confirmed on or before

the SOFA/Schedule Deadline, the 341 Meeting will be waived, and the Debtors will be excused

from filing the SOFAs and Schedules and 2015.3 Reports, in each case without further order of

the Court.

64.     While section 341 of the Bankruptcy Code requires the U.S. Trustee to convene

and preside at a meeting of creditors, it also provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of
> a party in interest and after notice and a hearing, for cause may order
> that the United States trustee not convene a meeting of creditors or
> equity security holders if the debtor has filed a plan as to which the
> debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).  The Debtors solicited acceptances of the Plan from Holders in the Voting

Classes before the Petition Date, and, therefore, the requested conditional relief pursuant to

section 341(e) of the Bankruptcy Code is appropriate here.

65.     The Debtors also request that the time for filing the SOFAs and Schedules and

2015.3 Reports be extended until the SOFA/Schedule Deadline unless the Plan is confirmed prior

to the SOFA/Schedule Deadline, in which case the Debtors request that the requirement to file

SOFAs and Schedules and 2015.3 Reports be waived.  The Court is authorized to grant the

Debtors' further extension "for cause" pursuant to Bankruptcy Rule 1007(c). Sufficient cause

exists here because requiring the Debtors to file Schedules and SOFAs and 2015.3 Reports prior

to the Combined Hearing would be time consuming, distracting to the Debtors' advisors and

management, and costly to the Debtors' estates, while providing little benefit to most parties in

interest in the Chapter 11 Cases.  No party in interest would be prejudiced by the Court granting

the Debtors' request for an extension through and including the SOFA/Schedule Deadline because,

under the Plan, all General Unsecured Claims will "ride through" the Chapter 11 Cases

unimpaired.  Therefore, the Court should only require the Debtors to file SOFAs and Schedules

and 2015.3 Reports if the Plan is not confirmed on or before the SOFA/Schedule Deadline.

66.     Accordingly, the Debtors respectfully request that the Court waive the requirement to file Schedules and SOFAs, waive the requirement to file 2015.3 Reports, and direct the U.S. Trustee not to convene a 341 Meeting unless the Plan is not confirmed on or before the SOFA/Schedule Deadline, without prejudice to the Debtors' right to request further extensions, for cause shown.

## I.     CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT

67.     The Debtors commenced prepetition solicitation from Holders of Claims in Classes 3, 4, and 5 by distributing the Solicitation Package before the Petition Date in accordance with sections 1125 and 1126 of the Bankruptcy Code. *See* 11 U.S.C. § 1125(g) ("[A]n acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable non-bankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable non-bankruptcy law."). The Debtors intend to continue solicitation after the Petition Date. Accordingly, pursuant to section P of the Complex Case Procedures, the Debtors request that the Court conditionally approve the Disclosure Statement.

## EMERGENCY CONSIDERATION

68.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1 and Bankruptcy Rule 6003, which authorize the Court to grant relief within the first 21 days after the commencement of a chapter 11 case to the extent that relief is necessary to avoid immediate and irreparable harm. As described in detail above and in the First Day Declaration, immediate and irreparable harm would result if the relief requested herein is not granted. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

## <u>RESERVATION OF RIGHTS</u>

69.      Nothing in this Motion is intended to be nor shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (h) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## <u>NOTICE</u>

70.      Notice of the Motion will be served on: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Ad Hoc Senior Secured Noteholder Group; (c) counsel to the Ad Hoc 26s/28s/29s Noteholder Group; (d) counsel to Renesas; (e) the creditors listed on the Debtors' consolidated list of 30 creditors holding the largest unsecured claims; (f) the United States Attorney for the Southern District of Texas; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

71.     A   copy   of   the   Motion   is   available   on   (a)   the   Court's   website,   at www.txs.uscourts.gov   and   (b)   the   website   maintained   by   the   Debtors'   proposed   claims   and noticing agent, Epiq Corporate Restructuring LLC, at https://dm.epiq11.com/Wolfspeed.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  June 30, 2025            Respectfully submitted,
        Houston, Texas

*/s/ Timothy A. ("Tad") Davidson II*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@hunton.com
        ashleyharper@hunton.com
        pguffy@hunton.com

- and –

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Alexander W. Welch (NY Bar No. 5624861)
Keith A. Simon (NY Bar No. 4636007)
Eric L. Einhorn (NY Bar No. 5568845)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:   ray.schrock@lw.com
        alex.welch@lw.com
        keith.simon@lw.com
        eric.einhorn@lw.com

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 30, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II