**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WOLFSPEED, INC., *et al.,* | Case No. 25-90163 |
| Debtors. | (Jointly Administered) |

**ORACLE AMERICA, INC.'S CURE OBJECTION AND RESERVATION**
**OF RIGHTS REGARDING DEBTORS' JOINT PREPACKAGED**
**CHAPTER 11 PLAN OF REORGANIZATION OF WOLFSPEED, INC.**
**AND ITS DEBTOR AFFILIATE [DKT NO. 8] ("RIGHTS RESERVATION")**

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this Rights Reservation in response to the proposed assumption of Oracle's contracts in connection with the *Joint Prepackaged Chapter 11 Plan of Reorganization of Wolfspeed, Inc. and Its Debtor Affiliate* [Dkt. No. 8] ("Plan") filed by Wolfspeed, Inc., et. al. ("Debtors"). In support of the Rights Reservation, Oracle states:

**I.      INTRODUCTION**

Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume and potentially assign[1] the executory contracts between the Debtors and Oracle. As discussed herein, Oracle objects to the proposed assumption of its agreements as the Debtors have neither cured all outstanding amounts owed under the contracts, nor provided adequate assurance that such amounts will be paid. Accordingly, Oracle objects and reserves all of its rights regarding the Debtors' proposed assumption and potential assignment of Oracle's contracts.

---

[1] If assignment is contemplated, Oracle may require that the assignee enter into an Oracle Assignment Agreement and related documentation.

---

**ORACLE AMERICA, INC.'S CURE OBJECTION AND RESERVATION OF RIGHTS**                    **Page 1**
**REGARDING DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION**
**OF WOLFSPEED, INC. AND ITS DEBTOR AFFILIATE [DKT NO. 8] ("RIGHTS RESERVATION")**

## II.    FACTUAL BACKGROUND

The above captioned case was filed on June 20, 2025 ("Petition Date"), and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

Oracle is a licensor of computer software and, pursuant to agreements, provides software-related products, technical support, maintenance, educational materials, and programs, as well as cloud-based and point of sale services, which Oracle often customizes for the customer's specific needs. Prior to the Petition Date, Oracle and the Debtors entered into several agreements for cloud and database services ("Oracle Agreements").

On the Petition Date, the Debtors filed the Plan, which provides for assumption of all executory contracts (unless specifically rejected). The Plan states as follows:

> On the Effective Date, all Executory Contracts and Unexpired Leases of the Debtors, including, but not limited to, employee contracts, which have not expired by their own terms on or prior to the Confirmation Date, shall be deemed assumed by the Debtors in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, except for those Executory Contracts and Unexpired Leases that, in each case:
>
> (i)     have been assumed, assumed and assigned, or rejected by the Debtors by prior order of the Bankruptcy Court;
>
> (ii)    are the subject of a motion to reject Filed by the Debtors pending on the Effective Date;
>
> (iii)   are identified as rejected Executory Contracts and Unexpired Leases by the Debtors on the Schedule of Rejected Executory Contracts and Unexpired Leases to be Filed in the Plan Supplement, which may be amended by the Debtors up to and through the Effective Date to add or remove Executory Contracts and Unexpired Leases by Filing with the Bankruptcy Court a subsequent Plan Supplement and serving it on the affected non-Debtor contract parties;
>
> (iv)    are rejected or terminated pursuant to the terms of this Plan; or
>
> (v)     are the subject of a pending Cure Dispute.

Plan Art. 8.1(a).

In addition, the Plan contemplates a potential assignment of executory contracts and the

Debtors are seemingly requesting that a judicial determination that any anti-assignment provision

in contracts to be assumed and assigned is unenforceable and void. The Plan states as follows:

> To the extent provided under the Bankruptcy Code or other applicable law, any
> Executory Contract or Unexpired Lease transferred and assigned hereunder shall
> remain in full force and effect for the benefit of the transferee or assignee in
> accordance with its terms, notwithstanding any provision in such Executory
> Contract or Unexpired Lease (including those of the type set forth in section
> 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such
> transfer or assignment. To the extent provided under the Bankruptcy Code or other
> applicable law, any provision that prohibits, restricts, or conditions the assignment
> or transfer of any such Executory Contract or Unexpired Lease or that terminates
> or modifies such Executory Contract or Unexpired Lease or allows the counterparty
> to such Executory Contract or Unexpired Lease to terminate, modify, recapture,
> impose any penalty, condition renewal or extension, or modify any term or
> condition upon any such transfer and assignment, constitutes an unenforceable anti-
> assignment provision and is void and of no force or effect.

Plan Art. 8.8

Oracle objects to this sweeping determination being made regarding its agreements with

the Debtors. If Debtors elect to assign any Oracle Agreements, Oracle reserves all rights.

On August 12, 2025, the Debtors filed a *Notice of Filing of Plan Supplement For the Joint*

*Prepackaged Chapter 11 Plan of Reorganization of Wolfspeed, Inc, and its Debtor Affiliate* [Dkt.

No. 168] ("Plan Supplement"). The Plan Supplement does not include the Schedule of Rejected

Executory Contracts. Therefore, Oracle has concluded that the Debtors intend to assume their

entire contractual relationship with Oracle through the Plan.

However, to do so, the Debtors must pay all sums owed in cure, including any post-petition

amounts which may have come due under the Oracle Agreements. Oracle is owed $500,627.76[2] which

---

[2] Invoices will be made available to Debtors upon request.

has or will come due prior to the Plan confirmation hearing. The outstanding invoices are as follows:

| Invoice No. | Invoice Date | Invoice Amount |
|---|---|---|
| 101803447 | 2/27/25 | $194,438.40 |
| 100576731 | 10/21/22 | $2,002.00 |
| 100728482 | 2/28/23 | $4,849.82 |
| 100764270 | 4/5/23 | $4,973.18 |
| 101908416 | 4/30/25 | $8,617.15 |
| 101908843 | 4/30/25 | $447.26 |
| 101965192 | 5/31/25 | $6,632.32 |
| 102034266 | 7/11/25 | $182,400.00 |
| 102035605 | 7/14/25 | $18,175.23 |
| 102010038 | 6/30/25 | $3,635.22 |
| 102061536 | 7/31/25 | $ 3,759.04 |
| 102072449 | 8/6/25 | $70,698.14 |

## III.    ARGUMENT

### A.    To Assume the Oracle Agreements, the Debtors Must Cure All Arrearages.

Before assuming an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1). Absent the foregoing, a debtor may not assume an executory contract.

At present, Oracle believes that the cure amount is not less than $500,627.76. Absent Debtors' cure of the outstanding amounts due Oracle, the Debtors may not assume Oracle's agreements.

### B.    Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Permit Assumption of Oracle's Contracts.

In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed. *See* 11 U.S.C. § 365(b)(2). In light of the Debtors' failure to provide either adequate assurance of prompt payment of the cure or future performance under the contract, Oracle is unable to determine whether Debtors have complied, or will comply, with

all of the requirements of section 365(b) of the Bankruptcy Code. Accordingly, Oracle reserves its

rights to be heard regarding all assumption and cure issues.

## IV.     CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court deny the

Debtors' request for authority to assume or assume any Oracle contract absent cure of all

outstanding amounts due and owing to Oracle, and provision of adequate assurance regarding the

proposed assumptions.

DATED:  August 21, 2025                                  Respectfully submitted,

By:  _/s/ Jason M. Katz_____
     Jason M. Katz
     State Bar No. 24038990
     Southern District No. 599556
     jkatz@ccsb.com
     **CARRINGTON COLEMAN SLOMAN**
     **& BLUMENTHAL LLP**
     901 Main Street, Suite 5500
     Dallas, Texas 75202
     Telephone: 214-855-3077
     Facsimile: 214-580-2641

     **LOCAL COUNSEL FOR CREDITOR,**
     **ORACLE AMERICA, INC.**

     Shawn M. Christianson
     **BUCHALTER, A PROFESSIONAL CORPORATION**
     425 Market Street, Suite 2900
     San Francisco, California 94105-2491
     Telephone: 415-227-0900
     Facsimile: 415-227-0770
     Email: schristianson@buchalter.com

     **ORACLE AMERICA, INC.**
     Peggy Bruggman
     Benjamin Wheeler
     500 Oracle Parkway
     Redwood City, California 94065
     Telephone: 650-506-5200
     Facsimile: 650-506-7114

     **ATTORNEYS FOR CREDITOR,**
     **ORACLE AMERICA, INC.**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on August 21, 2025, a true and correct copy of the above and foregoing documents was filed with the Court via CM/ECF; served on all parties requesting electronic notification; and served on the following *Notice Parties* pursuant to the 2025.07.01 [Dkt 60] Order.

**Via Email: Melissa.Garrett@wolfspeed.com**
**and First Class U.S. Mail**
Wolfspeed, Inc.
4600 Silicon Drive
Durham, NC 27703
Attn: Melissa Garrett

**The Debtors**

**Via Email: ray.schrock@lw.com**
**alex.welch@lw.com**
**keith.simon@lw.com**
**eric.einhorn@lw.com**
**and First Class U.S. Mail**
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Attn: Ray C. Schrock, Alexander W. Welch,
      Keith A. Simon, Eric L. Einhorn

**Proposed Co-Counsel To The Debtors**

**Via Email:** taddavidson@hunton.com
ashleyharper@hunton.com
pguffy@hunton.com
**and First Class U.S. Mail**
Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Attn: Timothy A. ("Tad") Davidson II,
      Ashley L. Harper, Philip M. Guffy

**Proposed Co-Counsel To The Debtors**

**Via Email: Jayson.B.Ruff@usdoj.gov**
**Andrew.Jimenez@usdoj.gov**
**and First Class U.S. Mail**
Office of the United States Trustee
Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Jayson B. Ruff, Andrew Jimenez

**Via Email: kziman@paulweiss.com**
**kkimpler@paulweiss.com**
**slascano@paulweiss.com**
**tzelinger@paulweiss.com**
**and First Class U.S. Mail**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 6th Avenue
New York, NY 10019
Attn: Ken Ziman, Kyle Kimpler, Stephanie P. Lascano,
      Tyler Zelinger

**Counsel To The Ad Hoc Senior Secured Group**

**Via Email:** ryan.dahl@ropesgray.com
matthew.roose@ropesgray.com
sam.badawi@ropesgray.com
**and First Class U.S. Mail**
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Attn: Ryan Preston Dahl, Matthew M. Roose,
      Sam Badawi

**Counsel to the Ad Hoc 26s/28s/29s Noteholder Group**

**Via Email: steven.serajeddini@kirkland.com**
**yusuf.salloum@kirkland.com**
**claire.stephens@kirkland.com**
**and First Class U.S. Mail**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Steven N. Serajeddini, Yusuf Salloum,
      Claire Stephens

**Counsel To Renesas**

     */s/ Jason M. Katz*
     Jason M. Katz