**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

------------------------------------------------------------ x
                                     :

In re:                                   :      Chapter 11

                                       :

WOLFSPEED, INC., *et al.*,           :      Case No. 25-90163 (CML)

                                       :

                Debtors.[1]          :      (Jointly Administered)

                                       :

------------------------------------------------------------ x

**DECLARATION OF EMILY YOUNG, ON BEHALF OF EPIQ CORPORATE**
**RESTRUCTURING, LLC, REGARDING SOLICITATION AND TABULATION OF**
**BALLOTS CAST IN CONNECTION WITH THE**
**JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF**
**WOLFSPEED, INC. AND ITS DEBTOR AFFILIATE**

I, Emily Young, pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Director of Epiq Corporate Restructuring, LLC ("***Epiq***") located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am over the age of 18 years.  I do not have a direct interest in the above-captioned chapter 11 cases and should be considered an impartial party.

2.      I submit this declaration (the "***Declaration***") with respect to the solicitation and tabulation of votes cast in connection with the *Joint Prepackaged Chapter 11 Plan of Reorganization of Wolfspeed, Inc. and its Debtor Affiliate* [Docket No. 8] (including all appendices, exhibits, schedules, and supplements (including any Plan Supplement) thereto, the "***Plan***").[2]

---

[1]    The Debtors in these cases, together with the last four digits of each Debtor's taxpayer identification number, are:  Wolfspeed, Inc. (2719) and Wolfspeed Texas LLC (0339).  The Debtors' mailing address is 4600 Silicon Drive, Durham, NC 27703.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan or the Solicitation Procedures Order (as defined below), as applicable.

3.      Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents.   I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

4.      Pursuant to the (i) *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent* [Docket No. 35] and (ii) *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement, (B) Confirmation of Plan, and (C) Approval of Backstop Agreement; (II) Approving (A) Solicitation Procedures and (B) Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (III) Fixing Deadline to Object to Disclosure Statement and Plan; (IV) Conditionally (A) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors and (B) Waiving Requirement to File Statements of Financial Affairs and Schedules of Assets and Liabilities, (V) Conditionally Approving the Disclosure Statement, and (VI) Granting Related Relief* [Docket No. 60] (the "***Solicitation Procedures Order***"), Epiq was appointed and authorized to assist the Debtors with, among other things, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast in connection with the Plan by Holders of Claims in the Voting Classes (as defined herein).

5.      As set forth in the Solicitation Procedures Order, the Bankruptcy Court established June 25, 2025 as the record date (the "***Voting Record Date***") for determining which Holders of Claims in the Voting Classes were entitled to vote on the Plan.

6.      Pursuant to the Plan, only Holders of Claims in the following Classes (together, the "***Voting Classes***") were entitled to vote to accept or reject the Plan:

| Class | Description |
|-------|-------------|
| Class 3 | Senior Secured Notes Claims |
| Class 4 | Convertible Notes Claims |
| Class 5 | Renesas Claims |

Because the Plan does not contemplate substantive consolidation for voting purposes, the voting results for each of the Voting Classes are reported as separate subclasses for each of the applicable Debtors (each a "***Voting Subclass***").  No other Classes were entitled to vote on the Plan.

7.      The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Solicitation Procedures Order (collectively, the "***Solicitation Procedures***").  Epiq was instructed by the Debtors to solicit, review, determine the validity of, and tabulate Ballots submitted with respect to the Plan by the Holders of Claims in the Voting Classes.  In addition, Epiq consulted with the Debtors and their counsel, as appropriate, to ensure compliance with the Solicitation Procedures Order.  I supervised the solicitation and tabulation performed by Epiq's employees.

8.      Prior to the filing of the bankruptcy cases, Epiq caused to be served the Solicitation Packages on Holders of Claims in the Voting Classes as of the Voting Record Date. Epiq filed the *Certificate of Service* on July 1, 2025 [Docket No. 32].

9.      As set forth in the *Certificates of Service* filed July 9, 2025 [Docket No. 92], July 15, 2025 [Docket No. 105], and August 15, 2025 [Docket No. 209], Epiq served the *Notice of Non-Voting Status and Release Opt-Out Form for Holders of Claims and Interests in Non-Voting Classes* (the "***Opt-Out Form***") on parties in the creditor matrix and equity holders.

10.     Each Ballot received by Epiq was date-stamped upon receipt, scanned (if submitted on paper), assigned a ballot number, entered into Epiq's voting database, and processed in accordance with the Solicitation Procedures Order.[3]

11.     Epiq received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan.  In order for a Ballot to be counted as valid, the Ballot must have been (i) properly completed in accordance with the Solicitation Procedures Order, (ii) executed by the relevant Holder or such Holder's authorized representative, (iii) returned to Epiq via an approved method of delivery as set forth in the Solicitation Procedures Order, and (iv) received by Epiq by no later than 5:00 p.m. (prevailing Central Time) on August 22, 2025 (the "***Voting Deadline***").

12.     All validly executed and completed Ballots cast by Holders of Claims in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated in accordance with the Solicitation Procedures.  I declare that the results of the voting by Holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed and completed Ballots received by Epiq, the Debtors, or the Bankruptcy Court.

13.     A report of all Ballots received but not included in the tabulation prepared by Epiq, as well as the reasons for exclusion of such Ballots, is attached as **Exhibit B** hereto.

14.     The Ballots and Opt-Out Forms included instructions regarding how to elect to opt out of the Third-Party Release by checking the opt out box on the Ballot or on the Opt-Out Form

---

[3]     The Agent for the Class 3 Senior Secured Notes provided counsel to the Debtors with a list of 60 registered holders.  Information for 46 of the registered holders did not include the amount held by the holder, specifically, the Voting Record Date principal amount held by the registered holder that would be used voting purposes.  At the direction of counsel to the Debtors, these 46 registered holders were sent Ballots without a voting amount prepopulated, and if the registered holder submitted a Ballot, the vote was counted in the amount indicated on the Ballot by the registered holder.

and submitting it by the Voting Deadline (the "***Opt-Out Election***").  Epiq examined each Ballot and each Opt-Out Form to determine which parties opted out of the Third-Pary Release.  As of the Voting Deadline, 210 parties: (i) checked the Opt-Out Election box on their submitted Ballot, or (ii) returned an Opt-Out Form that included a checked Opt-Out Election box.  For the avoidance of doubt, this Declaration does not certify the validity or enforceability of any "opt-out" election, as applicable, received by Epiq either via a Ballot or Opt-Out Form, and Epiq provides this information for reporting and informational purposes only.  Collectively, Epiq received a total of 162 Opt-Out Elections via submitted Opt-Out Forms and 48 Opt-Out Elections via submitted Ballots.  A summary of the Opt-Out elections is set forth on **Exhibit C** hereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information, and belief.

Dated: September 5, 2025                            /s/ *Emily Young*_____
     Savannah, Georgia                            Emily Young
                                              Director
                                              Epiq Corporate Restructuring, LLC

**Exhibit A**

**Tabulation Summary**

**Wolfspeed Inc., Case No. 25-90163**

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | Class Voting Result |
|---|---|---|---|---|---|
| | ACCEPT | | REJECT | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 3**<br>Senior Secured Notes Claims | **$1,422,312,315.00 / 100.00%** | **125 / 100.00%** | $0.00 / 0.00% | 0 / 0.00% | Accept |
| **Class 4**<br>Convertible Notes Claims | **$2,275,112,465.00 / 91.33%** | **262 / 93.91%** | $215,889,000.00 / 8.67% | 17 / 6.09% | Accept |
| **Class 5**<br>Renesas Claims | **$2,127,009,166.67 / 100.00%** | **1 / 100.00%** | $0.00 / 0.00% | 0 / 0.00% | Accept |

**Wolfspeed Texas, LLC, Case No. 25-90162**

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | Class Voting Result |
|---|---|---|---|---|---|
| | ACCEPT | | REJECT | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 3**<br>Senior Secured Notes Claims | **$1,422,312,315.00 / 100.00%** | **125 / 100.00%** | $0.00 / 0.00% | 0 / 0.00% | Accept |

**<u>Exhibit B</u>**

**Report of Excluded Ballots**

| BALLOT NO | CUSIP | CLASS | DTC PARTICIPANT NO | DTC PARTICIPANT | BENEFICIAL HOLDER ACCOUNT | AMOUNT | EXCLUSION REASON |
|---|---|---|---|---|---|---|---|
| BR004 | 977852AB8 | 4 | 5 | GOLDMAN | xx1831 | $67,270,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR021 | 977852AB8 | 4 | 352 | JPMS/JPMC | xx1541 | $200,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR022 | 977852AB8 | 4 | 352 | JPMS/JPMC | xx3526 | $1,000,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR031 | 977852AB8 | 4 | 226 | NFS LLC | xx6956 | $67,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR035 | 977852AB8 | 4 | 901 | BANK OF NY | xx4354 | $172,000.00 | Split Vote.  This holder voted to both accept and to reject the Plan. |
| BR036 | 977852AB8 | 4 | 901 | BANK OF NY | xx5843 | $2,074,000.00 | Split Vote.  This holder voted to both accept and to reject the Plan. |
| BR037 | 977852AB8 | 4 | 2971 | TRUIST | xx3798 | $2,000.00 | Not Entitled to Vote.  This DTC Participant does not hold a position as of the Voting Record Date. Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR038 | 977852AD4 | 4 | 5208 | GSI | xx6785 | $551.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR056 | 977852AD4 | 4 | 5 | GOLDMAN | xx5055 | $34,182,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR057 | 977852AD4 | 4 | 5 | GOLDMAN | xx0597 | $25,476,613.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR059 | 977852AD4 | 4 | 5 | GOLDMAN | xx3839 | $553,836.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR104 | 977852AD4 | 4 | 352 | JPMS/JPMC | xx7183 | $3,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR126 | 977852AD4 | 4 | 226 | NFS LLC | xx3701 | $96,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR199 | 225447AD3 | 4 | 5 | GOLDMAN | xx3611 | $18,220,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |
| BR227 | 225447AD3 | 4 | 1970 | EUROCLEAR | xx5052 | $300,000.00 | Did Not Vote.  This holder did not vote to accept or reject the Plan. |

**Exhibit C**

**Opt-Out Summary**

| VOTING CLASS OR MATRIX | HARDCOPY OPT-OUT FORMS OR BALLOTS SERVED[4] | OPT-OUT ELECTIONS |
|---|---|---|
| Class 3 Senior Secured Notes Claims | 198 | 0 |
| Class 4 Convertible Notes Claims | 138 | 48 |
| Class 5 Renesas Claims | 1 | 0 |
| Creditor Matrix and Equity Interests | 28,541 | 162 |

---

[4]     Class 3, Class 4, and Equity Interests include Holders of public securities.  This table includes the count of banks and brokers and/or their mailing agents (the "***Nominees***"), that were sent Solicitation Packages or Non-Voting Notice Packages for Beneficial Holders.  It does not include the final count of Beneficial Holders that were served by the Nominees as this information is not available to Epiq.